UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MARK LABREW,

                             **Plaintiff,**

               - against -

THE CITY OF NEW YORK, SGT. DANIEL
SBARRA, POLICE OFFICERS JORGE ULLOA,
MICHAEL PETITTO, GREGORY LARSEN,
FAWAD KHAN, JOHN A. KEALY, FRANK
GALATI, and DETECTIVE JAMES DELUMEN,

                      **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

**Civ. No. 07 cv 04641**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

      Plaintiff, by his attorney, CARMEN S. GIORDANO, complaining of defendants, respectfully alleges:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et. seq*. and 42 U.S.C. §1985 for an incident of police brutality and deprivation of protected rights that transpired on or about September 7, 2006 at approximately 8 p.m. in the vicinity of Lewis Avenue between Lafayette and Kosciusko, Kings County, State of New York when the above named police officers used excessive force, viciously attacked, wrongfully detained, arrested, falsely imprisoned, conspired to fabricate criminal charges against, planted illegal drugs on, and maliciously prosecuted plaintiff MARK LABREW in Kings County, New York.

### JURISDICTION AND VENUE

      2.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 in that this action arises under 42 U.S.C. §1983 *et. seq*., 42 U.S.C. §1985 and the Fourth and Fourteenth

amendments to the United States Constitution.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because defendant THE CITY OF NEW YORK resides in this District. Additionally, all defendants are subject to personal jurisdiction in this District.

4.      Prior to the commencement of this action, and within ninety days after the instant claim arose, plaintiff caused a Notice of Claim in writing and sworn to by plaintiff, to be served upon the defendant CITY OF NEW YORK, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the name and post office address of the plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.  Over thirty days have elapsed since the service of such Notices of Claim and the City has failed to settle or adjust this matter.

5.      This action was commenced within one year and ninety days after the cause of action herein accrued.

**THE PARTIES**

6.      Plaintiff MARK LABREW, is a chocolate skinned African-American man, long term paralegal/investigator employed by the New York City Law Department and resident of Kings County, New York.

7.      At all times relevant hereto, all individual defendants acted in their official capacities, and were employees, agents, or servants of the defendant THE CITY OF NEW

YORK and its agency the NEW YORK CITY POLICE DEPARTMENT, acting under color of state law, within the meaning of 42 U.S.C. §1983 *et. seq*.

8.      Defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York.  At relevant times, defendant THE CITY OF NEW YORK acted through their employees, agents and/or servants, including the individually named defendants herein, who at all relevant times acted within the course and scope of their employment.

<u>**FACTS**</u>

9.      Plaintiff was born, raised and has resided in Kings County his entire life.  On September 7, 2006, after a long day of work with at the City Corporation Counsel's Office, Plaintiff returned to his neighborhood and stopped in a convenience store.  On his way out of this store, Plaintiff was accosted by Defendants SGT. DANIEL SBARRA ("SBARRA") and PO JORGE ULLOA ("ULLOA") who drove up in an unmarked vehicle, "profiled" and accosted Plaintiff, physically detained and demeaned Plaintiff, and restrained Plaintiff without probable cause or any legal basis whatsoever and solely based on the color of his dark skin, the manner of his dress and the neighborhood in which they came across him.  Defendants (who were subsequently identified by CCRB investigators) were in plain clothes, did not wear badges and did not identify themselves as police officers.

10.      Defendants refused to provide their names or shield numbers upon Plaintiff's repeated pleas and inquiries, they threw him forcefully against a gate, frisked and searched him, threatened him and removed his wallet with his City identification from his person.  Plaintiff was indignant and continued to demand that the two police officers provide their names and shield numbers.   Plaintiff was told to shut up and was further threatened with physical force.

Additional police officers, including, upon information and belief, Defendants MICHAEL PETITTO, FAWAD KHAN,  FRANK GALATI, and DETECTIVE JAMES DELUMEN, responded to the location and assisted in the unjustified detention, restraint and false arrest of Plaintiff.  One of the Defendant police officers approached the Plaintiff  who was rear cuffed menacingly with a knife and then cut off the shoulder straps of the Plaintiff's backpack and removed it from his person (apparently not interested in untying the same or removing Plaintiff's handcuffs to take the backpack off his person).  Plaintiff's backpack was the fully searched at the scene and nothing, other than his legal personal property, was observed, removed or found in his backpack at the scene of the arrest.  The entire incident, including the search, was observed by an independent civilian witness who was identified and interviewed by the CCRB.

11.    Plaintiff was then put into a police vehicle, driven around Kings County and eventually transported to the 81st Precinct where he was wrongfully held and incarcerated for a period of time.

12.    Upon their arrival at the 81st Precinct parking lot, the police officers operating the van initially parked the van, but then quickly departed from the Precinct parking lot taking the handcuffed Plaintiff with them in the back of the van, after having had a conversation with other officers involved in Plaintiff's unlawful seizure and arrest.  The officers then drove to and parked near a laundromat and then returned to the 81st Precinct parking lot where the police officers again conferred before taking Plaintiff inside the station house.

13.    Inside the station house, Plaintiff observed Defendant JOHN A. KEALY ("KEALY"), who happened to be working in the desk area at the time.  By way of background, Defendant KEALY is one of several police officers who have harassed, detained, frisked and falsely arrested Plaintiff over the years in his own neighborhood.   On one of those prior

occasions when Plaintiff was injured when thrown to the ground, Plaintiff made a CCRB complaint and filed a federal civil rights lawsuit against Defendant KEALY and the other police officers involved. During the legal proceedings, KEALY committed perjury, swearing under oath that he heard a school alarm ringing, which he claimed drew his attention to Plaintiff and ostensibly justified the stop. The CCRB investigator in charge of that prior complaint, interviewed the school custodian who acknowledged that the alarm had been broken and non-functioning for approximately a year before KEALY claimed to have heard it, falsely justifying his stop and full blown search of Plaintiff who was simply walking to a store near his home. KEALY also falsely swore that signs were posted at the school, which prohibited people from walking through the schoolyard. Photographs and recorded interviews with school employees confirmed that there were never any such signs at the location, thus confirming the fact that KEALY lied and Plaintiff was profiled and illegally stopped and arrested by KEALY on the prior occasion. The prior lawsuit was settled and, upon information and belief, KEALY was disciplined for the incident.

14. During the September 7, 2006 incident, which forms the basis for the current claims, Plaintiff observed Defendant KEALY go into a closed room with the other Defendants named herein after KEALY observed the Plaintiff in the desk area of lobby of the 81st Precinct. Thereafter, Plaintiff learned that the Defendants were falsely claiming that Plaintiff had marijuana inside his backpack, which had been  his possession. Plaintiff also learned that Defendants were falsely claiming that Plaintiff was drinking beer from an open container when he departed from the store where the incident occurred, thereby supposedly justifying their illegal stop, detention and arrest of Plaintiff. Defendants conspired to and did draw up false criminal charges against Plaintiff and Plaintiff was then falsely prosecuted for possession of

marijuana and other fictitious offenses.

15.    At the 81st Precinct, Plaintiff was called a "retarded monkey," "fucking animal" and was forced to strip his clothes off.  When Plaintiff refused to take off his clothes under circumstances where he committed no crime, one of the Defendants violently ripped the buttons off of Plaintiff's shirt, removed his shirt and pulled off Plaintiff's pants.  Plaintiff was struck in the back and kicked in the leg and was forced to the floor.  Plaintiff's underwear were removed from his body by one of the Defendants or another police officer who used his boot to accomplish this task.

16.    All criminal charges against Plaintiff were ultimately adjourned in contemplation of dismissal in Kings County Criminal Court.  Plaintiff was irate at the manner in which he had been treated and initially refused to "accept" the offered "ACD," but after Plaintiff's attorneys demanded that he do the "safe thing and take the ACD," Plaintiff reluctantly accepted the ACD, disgusted, physically and emotionally traumatized and injured by the incident and the malicious prosecution.

**AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C. §1983 BY MARK LABREW AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, and DETECTIVE JAMES DELUMEN**

17.    Plaintiff repeats and realleges each and every allegation contained in  the preceding paragraphs as if fully set forth herein.

18.    On or about September 7, 2006, the above Defendants acting intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff searched, assaulted, physically attacked, beat and caused physical and mental injuries to Plaintiff.

19.    As a result of the foregoing, Defendants, acting under color of state law, violated 42 U.S.C. §1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitution and laws of

the United States and the State of New York including those rights provided by the Fourth and Fourteenth amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

20.    As a result of the foregoing, Plaintiff was caused to suffer grievous bodily injury, loss of liberty, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

21.    As a result of the foregoing, Plaintiff demands damages against the above Defendants, in an amount to be determined by a jury and is further seeking punitive damages against the above named Defendants in an amount to be determined by a jury.

### AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. §1983 BY MARK LABREW AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI and DETECTIVE JAMES DELUMEN

22.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

23.    On or about September 7, 2006, the above Defendants acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff falsely arrested and imprisoned Plaintiff.

24.    As a result of the foregoing, Defendants, acting under color of state law, violated 42 U.S.C. §1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States including those rights provided by the Fourth and Fourteenth amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

25. As a result of the foregoing, Plaintiff was caused to suffer grievous bodily harm, loss of liberty and life, substantial physical, emotional and psychological pain, and was otherwise injured.

26. As a result of the foregoing, Plaintiff demands damages against the above Defendants, in an amount to be determined by a jury and is further seeking punitive damages against the above named Defendants in an amount to be determined by a jury.

**AS AND FOR A THIRD CLAIM PURSUANT TO 42 U.S.C. §1983 BY MARK LABREW AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, JOHN A. KEALY and DETECTIVE JAMES DELUMEN**

27. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

28. On or about September 7, 2006 the above Defendants, acting intentionally, maliciously and without justification or probable cause, did cause to be filed an accusatory instrument and otherwise brought criminal charges against Plaintiff, who was criminally prosecuted therefore until such charges were dismissed and terminated in his favor. Defendants conspired to plant contraband on Plaintiff and fabricate criminal charges against Plaintiff upon ascertaining that Plaintiff was a New York City employee who previously made a successful complaint for violation of civil rights against an officer of the 81st Precinct.

29. As a result of the foregoing, Defendants, acting under color of state law, violated 42 U.S.C. §1983 *et. seq*, and deprived Plaintiff of rights secured by the constitutions and laws of the United States and the State of New York including those rights provided by the Fourth and Fourteenth amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

30.    As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

31.    As a result of the foregoing, Plaintiff demands damages against the above Defendants, in an amount to be determined by a jury and is further seeking punitive damages against the above named Defendants in an amount to be determined by a jury.

**AS AND FOR A FOURTH CLAIM PURSUANT TO 42 U.S.C.§1985 BY MARK LABREW AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, JOHN A. KEALY and DETECTIVE JAMES DELUME**

32.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

33.    The aforesaid stop, detention, arrest and subsequent prosecution of Plaintiff was occasioned by Defendants' utilization of unconstitutional racial profiling and solely by virtue of the fact that Plaintiff is an African-American dark skinned male.

34.    As a result of the foregoing, Defendants, in violation of 42 U.S.C. §1985 thereby deprived Plaintiff of rights secured by the constitutions and laws of the United States and the State of New York, including the fourth, fifth, sixth and fourteenth amendments to the United States Constitution.

35.    As a result of the foregoing, Plaintiff was caused to suffer grievous bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

36.    As a result of the foregoing, Plaintiff demands damages against the above Defendants, in an amount to be determined by a jury and is further seeking punitive damages against the above named Defendants in an amount to be determined by a jury.

**AS AND FOR A FIFTH "MONELL" CLAIM PURSUANT TO 42 U.S.C.**

### §1983 BY MARK LABREW AGAINST THE CITY OF NEW YORK

37.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38.    The aforesaid stop, detention, arrest and prosecution of Plaintiff was occasioned and conducted pursuant to the unconstitutional practices and policies of Defendants including racial profiling and unlawfully stopping and frisking African-American or dark skinned males such as Plaintiff.

39.    As a result of the foregoing, Defendants, in violation of 42 U.S.C. §1983 thereby deprived Plaintiff of rights secured by the Constitution and laws of the United States, including the fourth, fifth, sixth and fourteenth amendments and the Constitution and laws of the State of New York.

40.    As a result of the foregoing, Plaintiff was caused to suffer grievous bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

41.    As a result of the foregoing, Plaintiff demands damages against THE CITY OF NEW YORK in an amount to be determined by a jury.

### AS AND FOR A SIXTH CLAIM FOR ASSAULT AND BATTERY BY MARK LABREW AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, DETECTIVE JAMES DELUMEN, and THE CITY OF NEW YORK

42.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

43.    As a result of the foregoing, Defendants intentionally placed plaintiff in apprehension of imminent harmful contact, and Defendants, in a hostile manner, and without the consent of Plaintiff, intentionally caused harmful bodily contact with Plaintiff as described

herein.

44.    As a result of the foregoing, Plaintiff was caused to suffer grievous bodily harm, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

45.    As a result of the foregoing, Plaintiff demands damages against the above named Defendants in an amount to be determined by a jury and is further seeking punitive damages against the above named individual police officer Defendants in an amount to be determined by a jury.

### AS AND FOR A SEVENTH CLAIM FOR FALSE ARREST BY MARK LABREW AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, DETECTIVE JAMES DELUMEN, and THE CITY OF NEW YORK

46.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

47.    As a result of the foregoing, Defendants acting without probable cause, intentionally and falsely arrested and imprisoned Plaintiff.

48.    As a result of the foregoing, Plaintiff was caused to suffer grievous bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

49.    As a result of the foregoing, Plaintiff demands damages against the above named Defendants in an amount to be determined by a jury and is further seeking punitive damages against the above named individual police officer Defendants in an amount to be determined by a jury.

**AS AND FOR A EIGHTH CLAIM FOR MALICIOUS PROSECUTION BY MARK LABREW AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, DETECTIVE JAMES DELUMEN, and THE CITY OF NEW YORK**

50.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

51.    As a result of the foregoing, Defendants, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument or otherwise brought criminal charges against Plaintiff who was criminally prosecuted therefore until such prosecution was terminated in his favor.   Defendants conspired to plant contraband on Plaintiff and fabricate criminal charges against Plaintiff upon ascertaining that Plaintiff was a New York City employee who previously made a successful complaint for violation of civil rights against an officer of the 81st Precinct.

52.    As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

53.    As a result of the foregoing, Plaintiff demands damages against the above named Defendants in an amount to be determined by a jury and is further seeking punitive damages against the above named individual police officer Defendants in an amount to be determined by a jury.

**WHEREFORE**, plaintiff demands judgment against Defendants as follows:

on the FIRST CLAIM AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, and DETECTIVE JAMES DELUMEN in an amount to be determined by a jury, including punitive damages;

on the SECOND CLAIM AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, and DETECTIVE JAMES DELUMEN in an amount to be determined by a jury, including punitive damages;

on the THIRD CLAIM AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, JOHN A. KEALY and DETECTIVE JAMES DELUMEN in an amount to be determined by a jury, including punitive damages;

on the FOURTH CLAIM AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, JOHN A. KEALY and DETECTIVE JAMES DELUMEN in an amount to be determined by a jury, including punitive damages;

on the FIFTH CLAIM AGAINST DEFENDANT THE CITY OF NEW YORK  in an amount to be determined by a jury;

on the SIXTH CLAIM AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, and DETECTIVE JAMES DELUMEN in an amount to be determined by a jury, including punitive damages;

on the SEVENTH CLAIM AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, JOHN A. KEALY, DETECTIVE JAMES DELUMEN and THE CITY OF NEW YORK in an amount to be determined by a jury, including punitive damages against the individual police officer DEFENDANTS; and,

on the EIGHTH CLAIM AGAINST DEFENDANTS SGT. DANIEL SBARRA, POLICE OFFICERS JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, FRANK GALATI, JOHN A. KEALY, DETECTIVE JAMES DELUMEN and THE CITY OF NEW YORK in an amount to be determined by a jury, including punitive damages against the individual police officer DEFENDANTS,

together with attorneys fees, costs and disbursements of this action.

Dated: New York, NY
       May 31, 2007

                                        Yours, etc.,

                                        Law Office of Carmen S. Giordano
                                        *Attorneys for Plaintiff*


                                        By:_____
                                            Carmen S. Giordano (CSG-3927)
                                            225 Broadway, 40th Floor
                                            New York, NY 10007
                                            (212) 406-9466