


**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

SARAH B. EVANS
*Assistant Corporation Counsel*
Tel.: (212) 788-1041
Fax: (212) 788-9776

MEMO ENDORSED

June 26, 2007

**VIA HAND DELIVERY**
Honorable Deborah A. Batts
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2510
New York, New York 10007

Re: Mark Labrew v. The City of New York, et al., 07 CV 4641 (DAB)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendant City of New York. In that capacity, I write with the consent of plaintiff's counsel, Carmen Giordano, Esq., to respectfully request a sixty-day enlargement of time, from June 26, 2007 until August 27, 2007, within which the City may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time.

[granted (DAB)]

    The complaint alleges that plaintiff was falsely arrested on September 7, 2006, assaulted and strip searched. In addition to the City of New York and the New York City Police Department, plaintiff names New York City Police Sergeant Sbarra, Detective Delumen, and Police Officers Ulloa, Petitto, Larsen, Khan, Kealy, and Galati as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this office to forward to plaintiff for execution an authorization for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to that statute, all records concerning the arrest and prosecution of plaintiff were sealed by court order upon the termination of the criminal action in favor of plaintiff. In addition, it will allow us to forward a medical release to plaintiff so that we can secure the relevant medical records. Defendant cannot obtain these records without these authorizations, and without the records, defendant cannot properly assess this case or respond to the complaint. Accordingly, the City defendant requires this enlargement so that this office may obtain the underlying documentation, properly investigate the allegations of the complaint, and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

**SO ORDERED**

*Deborah A. Batts*
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE
June 28, 2007

MEMO ENDORSED

Moreover, we must ascertain whether the individually named officers have been served with the summons and complaint.[1] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent each Officer. Each Officer must then decide whether he wishes to be represented by this office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain the Officer's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration.

Respectfully submitted,

*Sarah B. Evans*

Sarah B. Evans (SE 5971)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Carmen S. Giordano, Esq. (By fax)
      Attorney for Plaintiff
      Law Office of Carmen S. Giordano
      225 Broadway, 40th Floor
      New York, New York 10007

---

[1] According to plaintiff's counsel, he mailed waivers of service of summonses to Sergeant Sbarra, Detective Delumen, and Police Officers Ulloa, Petitto, Larsen, Khan, Kealy, and Galati. We are in the process of ascertaining whether these individuals properly received waivers. Accordingly, without making any representations on behalf of these individuals, it is respectfully requested that their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.