**MEMO ENDORSED**



| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | SARAH B. EVANS<br>*Assistant Corporation Counsel*<br>Tel.: (212) 788-1041<br>Fax: (212) 788-9776 |



August 24, 2007

<u>**VIA HAND DELIVERY**</u>
Honorable Deborah A. Batts
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2510
New York, New York 10007



Re: <u>Mark Labrew v. The City of New York, et al.</u>, 07 CV 4641 (DAB)

Your Honor:

  I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendant City of New York. I write further to my letter dated June 26, 2007 in which defendants requested until August 27, 2007 to conduct an investigation into plaintiff's allegations, investigate service on the individually named defendants, resolve representation issues pursuant to General Municipal Law Section 50-k, and if appropriate, to serve and file an answer or otherwise respond to the complaint.

  I recently received information that Sergeant Sbarra, Detective Delumen, and Police Officers Ulloa, Petitto, Larsen, Khan, Kealy, and Galati have been served with the summons and complaint in this action. As I explained in my June 26, 2007 letter, pursuant to General Municipal Law Section 50-k, this office must determine based on a review of the case whether we may represent each individual named in this action. The individual must then decide whether he wishes to be represented by this office. See <u>Mercurio v. The City of New York, et al.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting <u>Williams v. City of New York, et al.</u>, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). If the officer wishes to be represented by the Corporation Counsel, we must obtain the individual's written authorization.

  Due to scheduling conflicts and despite my best efforts, I have been unable to resolve representation issues as to all of these individuals. However, I am scheduled to meet

MEMO ENDORSED

MEMO ENDORSED

with these individuals over the course of the next week. Accordingly, I write again with the consent of plaintiff's counsel, Carmen Giordano, Esq., to respectfully request a further enlargement of time of one week, until September 4, 2007, to resolve representation issues and, if appropriate, to answer or otherwise respond to the complaint on behalf of these individuals. This is the second request for an extension of time.

[handwritten: granted /DAB]

       In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration.

                                  Respectfully submitted,

                                  /s/ Sarah B. Evans

                                  Sarah B. Evans (SE 5971)
                                  Assistant Corporation Counsel
                                  Special Federal Litigation Division

cc:    Carmen S. Giordano, Esq. (By fax)
        Attorney for Plaintiff
        Law Office of Carmen S. Giordano
        225 Broadway, 40th Floor
        New York, New York 10007
        *Fax*: 212-406-9410

**SO ORDERED**

/s/ Deborah A. Batts
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

August 27, 2007

MEMO ENDORSED