UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARK LABREW,

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK, SGT. DANIEL SBARRA,
POLICE OFFICER JORGE ULLOA, MICHAEL
PETITTO, GREGORY LARSEN, FAWAD KHAN, JOHN
A. KEALY, FRANK GALATI, and DETECTIVE JAMES
DELUMEN,

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
ON BEHALF OF
DEFENDANTS CITY OF
NEW YORK, SERGEANT
SBARRA, POLICE
OFFICERS ULLOA,
PETITTO, LARSEN, KHAN,
AND GALATI, AND
DETECTIVE DELUMEN**

07 CV 4641 (DAB)

JURY TRIAL DEMANDED


            Defendants City of New York, Sergeant Sbarra, Police Officers Ulloa, Petitto,

Larsen, Khan, and Galati, and Detective Delumen[1] by their attorney, Michael A. Cardozo,

Corporation Counsel of the City of New York, for their answer to the complaint, respectfully

allege, upon information and belief, as follows:

            1.      Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to bring this action as stated therein.

            2.      Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

            3.      Deny the allegations set forth in paragraph "3" of the complaint, except

admit that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief, the individual identified in the caption of the complaint as
"Police Officer John A. Kealy" has not been served with a copy of the summons and complaint
or requested legal representation from the Office of the Corporation Counsel, and therefore is not
a defendant in this action at this time.

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about December 6, 2006, and that the claim has not been adjusted or paid.

5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that the complaint was filed with the Court on or about June 1, 2007.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Paragraph "7" sets forth conclusions of law rather than averments of fact, to which no response is required.

8.      Paragraph "8" of the complaint sets forth legal conclusions rather than averments of fact, to which to response is required.  To the extent a response is required, defendants deny except admit that the City of New York is a municipal corporation existing under the laws of the State of New York.

9.      Deny the allegations set forth in paragraph "9" of the complaint.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff concedes he was indignant and deny knowledge or information sufficient to form a belief concerning an alleged civilian witness.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff was arrested on September 7, 2006 and transported to the 81st Precinct.

12.     Deny the allegations set forth in paragraph "12" of the complaint.

13.     Deny the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what plaintiff claims he observed.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff accepted an Adjournment in Contemplation of Dismissal ("ACD") for his September 7, 2006 arrest.

17.     In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege paragraphs "1" through "16" of this answer as if fully set forth herein.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff purports to proceed as stated therein.

22.     In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege paragraphs "1" through "21" of this answer as if fully set forth herein.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff purports to proceed as stated therein.

27.    In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege paragraphs "1" through "26" of this answer as if fully set forth herein.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    Deny the allegations set forth in paragraph "29" of the complaint.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.    Deny the allegations set forth in paragraph "31" of the complaint, except admit that plaintiff purports to proceed as stated therein.

32.    In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege paragraphs "1" through "31" of this answer as if fully set forth herein.

33.    Deny the allegations set forth in paragraph "1833 of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    Deny the allegations set forth in paragraph "36" of the complaint, except admit that plaintiff purports to proceed as stated therein.

37.    In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege paragraphs "1" through "36" of this answer as if fully set forth herein.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint, except admit that plaintiff purports to proceed as stated therein.

42.    In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege paragraphs "1" through "41" of this answer as if fully set forth herein.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    Deny the allegations set forth in paragraph "45" of the complaint, except admit that plaintiff purports to proceed as stated therein.

46.    In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege paragraphs "1" through "45" of this answer as if fully set forth herein.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny the allegations set forth in paragraph "49" of the complaint, except admit that plaintiff purports to proceed as stated therein.

50.    In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege paragraphs "1" through "49" of this answer as if fully set forth herein.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint, except admit that plaintiff purports to proceed as stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

54.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

55.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

56.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

57.    Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58.    Plaintiff provoked any incident.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59.    The actions of any officers involved were justified by probable cause and/or reasonable suspicion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60.    The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

61.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

62.    Punitive damages cannot be recovered as against the City of New York.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

63.    At all time relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion.  As such, defendant City is entitled to governmental immunity.

## AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

64.    To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**WHEREFORE,** defendants City of New York, Sergeant Sbarra, Police Officers Ulloa, Petitto, Larsen, Khan, and Galati, and Detective Delumen request judgment dismissing the Complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              September 4, 2007

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the
                                    City of New York
                                  Attorney for Defendants City of New York,
                                  Sergeant Sbarra, Police Officers Ulloa, Petitto,
                                  Larsen, Khan, and Galati, and Detective Delumen
                                  100 Church Street
                                  New York, New York 10007
                                  (212) 788-1041

                                  By:           _Sarah B Evans_____
                                            Sarah Evans (SE 5971)
                                            Assistant Corporation Counsel

To:      Carmen S. Giordano, Esq. (By ECF and mail)
          Attorney for Plaintiff
          Law Office of Carmen S. Giordano
          225 Broadway, 40th Floor
          New York, New York 10007

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Sarah Evans, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on September 4, 2007, I served the annexed **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, SERGEANT SBARRA, POLICE OFFICERS ULLOA, PETITTO, LARSEN, KHAN, AND GALATI, AND DETECTIVE DELUMEN** by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

> Carmen S. Giordano, Esq.
> Attorney for Plaintiff
> Law Office of Carmen S. Giordano
> 225 Broadway, 40th Floor
> New York, New York 10007

Dated:  New York, New York
        September 4, 2007

                                         Sarah Evans
                                         Assistant Corporation Counsel

Docket No. 07 CV 4641 (DAB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK LABREW,

Plaintiff,

-against-

THE CITY OF NEW YORK, SGT. DANIEL
SBARRA, POLICE OFFICER JORGE ULLOA,
MICHAEL PETITTO, GREGORY LARSEN,
FAWAD KHAN, JOHN A. KEALY, FRANK
GALATI, and DETECTIVE JAMES DELUMEN,

Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF
DEFENDANTS CITY OF NEW YORK,
SERGEANT SBARRA, POLICE OFFICERS
ULLOA, PETITTO, LARSEN, KHAN, AND
GALATI, AND DETECTIVE DELUMEN**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Sergeant
Sbarra, Police Officers Ulloa, Petitto, Larsen,
Khan, and Galati, and Detective Delumen*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Sarah Evans*
*Tel: (212) 788-1041*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................... ,2007*

*................................................................. Esq.*

*Attorney for ........................................................*