UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MARK LABREW,

                                              Plaintiff,

-against-

THE CITY OF NEW YORK, SGT. DANIEL SBARRA, POLICE OFFICER JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, JOHN A. KEALY, FRANK GALATI, and DETECTIVE JAMES DELUMEN,

                                              Defendants.

------------------------------------------------------------------- x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT KEALY**

07 CV 4641 (DAB)

JURY TRIAL DEMANDED

       Defendant Police Officer Kealy,[1] by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base venue as stated therein.

---

[1] Defendants City of New York, Sergeant Sbarra, Police Officers Ulloa, Petitto, Larsen, Khan, and Galati, and Detective Delumen previously served and filed an answer to the Complaint on or about September 4, 2007.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about December 6, 2006, and that the claim has not been adjusted or paid.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that the complaint was filed with the Court on or about June 1, 2007.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Paragraph "7" sets forth conclusions of law rather than averments of fact, to which no response is required.

8. Paragraph "8" of the complaint sets forth legal conclusions rather than averments of fact, to which to response is required. To the extent a response is required, defendant denies except admits that the City of New York is a municipal corporation existing under the laws of the State of New York.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff concedes he was indignant and denies knowledge or information sufficient to form a belief concerning any alleged civilian witness.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that plaintiff was arrested on September 7, 2006 and transported to the 81st Precinct.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what plaintiff claims he observed.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that plaintiff accepted an Adjournment in Contemplation of Dismissal ("ACD") for his September 7, 2006 arrest.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendant repeats and realleges paragraphs "1" through "16" of this answer as if fully set forth herein.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint, except admits that plaintiff purports to proceed as stated therein.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges paragraphs "1" through "21" of this answer as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that plaintiff purports to proceed as stated therein.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges paragraphs "1" through "26" of this answer as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint, except admits that plaintiff purports to proceed as stated therein.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges paragraphs "1" through "31" of this answer as if fully set forth herein.

33. Denies the allegations set forth in paragraph "1833 of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint, except admits that plaintiff purports to proceed as stated therein.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges paragraphs "1" through "36" of this answer as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint, except admits that plaintiff purports to proceed as stated therein.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges paragraphs "1" through "41" of this answer as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint, except admits that plaintiff purports to proceed as stated therein.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendant repeats and realleges paragraphs "1" through "45" of this answer as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint, except admits that plaintiff purports to proceed as stated therein.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendant repeats and realleges paragraphs "1" through "49" of this answer as if fully set forth herein.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint, except admits that plaintiff purports to proceed as stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

54. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

55. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

56. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

57. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58. Plaintiff provoked any incident.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59. The actions of any officers involved were justified by probable cause and/or reasonable suspicion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60. Defendant Kealy has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

61. At all times relevant to the acts alleged in the complaint, defendant Kealy acted reasonably in the proper and lawful exercise of his discretion.

**WHEREFORE,** defendant Police Officer Kealy requests judgment dismissing the Complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 1, 2007

>MICHAEL A. CARDOZO
>Corporation Counsel of the
>  City of New York
>Attorney for Defendants City of New York,
>Sergeant Sbarra, Police Officers Ulloa, Petitto,
>Larsen, Khan, and Galati, Detective Delumen and
>Officer Kealy
>100 Church Street
>New York, New York 10007
>(212) 788-1041
>
>By: *[signature]*
>Sarah Evans (SE 5971)
>Assistant Corporation Counsel

To: Carmen S. Giordano, Esq. (By ECF and mail)
Attorney for Plaintiff
Law Office of Carmen S. Giordano
225 Broadway, 40th Floor
New York, New York 10007

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Sarah Evans, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on October 1, 2007, I served the annexed **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT KEALY** by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

Carmen S. Giordano, Esq.
Attorney for Plaintiff
Law Office of Carmen S. Giordano
225 Broadway, 40th Floor
New York, New York 10007

Dated: New York, New York
October 1, 2007

*Sarah Evans* (signature)
Sarah Evans
Assistant Corporation Counsel

Docket No. 07 CV 4641 (DAB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK LABREW,

                                                    Plaintiff,

-against-

THE CITY OF NEW YORK, SGT. DANIEL SBARRA, POLICE OFFICER JORGE ULLOA, MICHAEL PETITTO, GREGORY LARSEN, FAWAD KHAN, JOHN A. KEALY, FRANK GALATI, and DETECTIVE JAMES DELUMEN,

                                                   Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT KEALY**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Sergeant Sbarra, Police Officers Ulloa, Petitto, Larsen, Khan, and Galati, Detective Delumen and Officer Kealy*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Sarah Evans*
*Tel: (212) 788-1041*

Due and timely service is hereby admitsted.

New York, N.Y. ........................................,2007

................................................................. Esq.

Attorney for ......................................................