Sep 09 2009 2:24PM HP LASERJET FAX
Case 1:07-cv-04641-DAB Document 31 Filed 09/10/09 Page 1 of 4
p.3
2127880902  XF-3-180-Fax  02:14:48 p.m. 09-09-2009  2/5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

MARK LABREW,

                        Plaintiff,

    - against -

THE CITY OF NEW YORK, SGT. DANIEL
SBARRA, POLICE OFFICERS JORGE ULLOA,
MICHAEL PETITTO, GREGORY LARSEN,
FAWAD KHAN, JOHN A. KEALY, FRANK
GALATI, and DETECTIVE JAMES DELUMEN,
                        Defendants.
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/09

07 cv 4641 (DAB) (DFE)

**STIPULATION OF CONFIDENTIALITY**

      IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN COUNSEL FOR THE PARTIES, that the following stipulation shall govern the handling of all records and deposition testimony relating to the thirteen arrests indicated in defense counsel's letter of July 16, 2009 (the thirteen arrests other than the underlying arrest, which forms the basis for this lawsuit "underlying arrest"). All testimony elicited during plaintiff's depositions pertaining to arrests other than the underlying arrest and any and all information, documents, recordings and other items and information relating to any other arrest of plaintiff shall be treated as "Confidential."

      All documents and other items, which are Confidential shall be stamped with the word Confidential on the top of each page or in a prominent location on each item **WHEN DISCLOSED IN ACCORDANCE WITH PARAGRAPH #2 BELOW**.

Within 45 days after the conclusion of this action, including any appeals, defense counsel shall notify plaintiff's counsel in writing that all Confidential material was destroyed. All individuals to whom any Confidential material was given shall also notify defense counsel in writing that all Confidential material was destroyed. Defense counsel shall provide a copy of this writing to plaintiff's counsel, **if requested.**

In addition to the above, the following provisions will apply. Should there be any conflict between the terms of the preceding section and what follows, the following language shall govern:

1. Defendants' attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the case entitled *Mark LaBrew v. City of New York, et al.*, ~~07-CV-3663 (LBS)~~ ("this action."). 07 CV 4641 (DAB)(DFE)  *DJS*

2. Defendants' attorney shall not disclose the Confidential Materials to any person not a member of the staff of the New York City Law Department except under the following conditions:

   (a) Disclosure may be made only if necessary to the preparation or presentation of defendants' case in this action.

   (b) Disclosure before trial may be made only to the parties, to experts retained or specially employed by defendants in this action, in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   (c) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or a party), defendants' attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as *Exhibit A*, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by defendants' attorneys.

3. Except for the noted circumstances outlined in 2(a) through (c), disclosure by plaintiff~~or anyone on his behalf, including counsel,~~ of such materials to any person not a member of the staff of ~~his~~ Plaintiff's law office, including, but not limited to, the media, press or the like, shall constitute a waiver of confidentiality with regard to any disclosed documents previously identified as confidential material.

2

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall, at plaintiff's request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6. However, where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of plaintiff, the parties may file redacted documents without further order of the Court.

7. In addition, where advance notice is given by defendants and the parties agree that the confidential information is being used in support of a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by defendant or is being produced at a trial on the merits in this matter, after due consideration to its admissibility has been made by the Court, such information will not be subjected to the instant protective order.

8. The parties reserve their right to seek modification of this Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Signatures by facsimile shall have the same force and effect as original signatures.

Dated: New York, New York
       September 9, 2009

CARMEN S. GIORDANO, ESQ. [CSG-3927]
225 Broadway, 40TH Floor
New York, New York 10007
(212) 406-9466
*Attorney for Plaintiff*

Tonya Jenrette, Esq.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007
*Attorney for Defendants*

SO ORDERED: September 9, 2009

_____
USMJ